UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE<br><br>425 East 100 South<br>Salt Lake City, UT 84111<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Defendant. | Case No. 17-1057 |

## COMPLAINT

1. Southern Utah Wilderness Alliance (SUWA) files this action to enforce the United States Department of Justice's (DOJ) statutory obligations under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq.*

2. On April 10 and April 11, 2017, SUWA filed three FOIA requests with DOJ seeking records related to pending litigation in which SUWA is a party and DOJ is representing the Department of the Interior or the Bureau of Land Management.

3. As of the date of this Complaint, DOJ has failed to make a determination on any of SUWA's FOIA requests. In violation of FOIA's deadlines, DOJ has failed to provide any records responsive to SUWA's requests, failed to identify the records

to be released or the records to be withheld, and the reasons for such withholding, and failed to provide SUWA with notice of the right of appeal.

4. DOJ also failed to provide notice of the specific or approximate date on which DOJ's determination on the FOIA requests will be issued.

5. DOJ is unlawfully withholding and unreasonably delaying the release of records requested by SUWA and to which SUWA is lawfully entitled under FOIA.

6. SUWA seeks declaratory and injunctive relief declaring that DOJ has violated FOIA and compelling DOJ to promptly release the requested records.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B), which grants jurisdiction to the district court for the District of Columbia. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under FOIA.

8. Injunctive relief is appropriate under FOIA, 5 U.S.C. § 552(a)(4)(B). Declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

9. Venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff SUWA is a non-profit environmental membership organization dedicated to the sensible management of all public lands within the State of Utah and to the protection of plant and animal species and remaining wild lands within

the State of Utah. SUWA has offices in Utah and Washington, D.C. and has members in all fifty states and several foreign countries.

11. SUWA and its members have long been involved in the management and protection of public lands in Utah, including taking action to protect lands from threats posed by fossil fuel development. SUWA's FOIA requests relate to three cases regarding the Federal Government's management of mineral resources on public lands and in which SUWA intervened in defense of the Federal Government's actions. Each case was initiated before the 2016 Presidential Election.

12. SUWA made the FOIA requests for communications between the Federal Government and other parties to understand and disseminate information to the public regarding the Department of the Interior's approach to public lands management under President Donald Trump's administration, including whether the Department of the Interior would modify or reverse its legal positions in ongoing litigation.

13. Public oversight of the Department of the Interior's activities and operations is not possible without the participation of an informed public. SUWA plays a critical role in this oversight by collecting, analyzing, and disseminating information on the Department of the Interior's activities and decisions regarding the protection and management of public lands. The requested documents will aid in these activities and provide insight into the Federal Government's management of public lands.

14. SUWA intends to review and evaluate the requested information. As appropriate, SUWA will then disseminate this information to SUWA's membership through publication on SUWA's website, newsletters, action alerts, and public service announcements. SUWA's newsletter alone has a distribution list in excess of 20,000 people and SUWA has a proven history of being able to disseminate information to a large and diverse segment of the public. SUWA publishes newsletters and other information for the specific purpose of educating the public on particular issues, including regulation of mineral resources on public lands.

15. SUWA is injured by DOJ's failure to timely produce public records that were properly requested and to which SUWA is entitled under FOIA. *See Zivotofsky v. Sec'y of State,* 444 F.3d 614, 617–18 (D.C. Cir. 2006) ("The requester is injured-in-fact for standing purposes because he does not get what the statute entitles him to receive.").

16. Defendant DOJ is a federal agency of the United States and is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## LEGAL BACKGROUND

17. FOIA requires a federal agency to make public records available to any person who makes a request that reasonably describes the records sought and complies with the agency's rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

18. FOIA requires the agency to issue a determination on the FOIA request within 20 business days from the date of receipt. *Id.* § 552(a)(6)(A)(i).

19. The agency's determination on the FOIA request shall contain (1) the agency's determination of whether to comply with the request and provide responsive records, (2) the reasons for the agency's determination, and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency. *Id.*

20. FOIA allows the agency to extend the 20-business-day deadline by no more than ten business days for "unusual circumstances" by providing written notice to the requester that describes the "unusual circumstances" and the date on which the determination will be issued. *Id.* § 552(a)(6)(B)(ii). Permissible grounds for the agency to invoke the "unusual circumstances" include, among other things, the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request. *See id.* § 552(a)(6)(B)(iii).

21. The agency's decision to invoke the "unusual circumstances" provision does not absolve the agency from its statutory obligation to identify the date on which the determination will be issued. *Id.* § 552(a)(6)(B)(i).

22. If the agency fails to comply with the applicable time limits of FOIA, a requester is deemed to have exhausted its administrative remedies and may file suit against the agency. *Id.* § 552(a)(6)(C)(i)

23. Under FOIA, an agency shall waive or reduce fees and costs incurred responding to a FOIA request "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the

operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(ii).

24. This Court interprets FOIA's fee waiver provision to require an agency's determination on fee waiver to be made within the 20-working-day period. *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[I]f the agency fails to respond to a waiver request within 20 days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review.").

25. The agency bears the burden to prove the legality of its actions under FOIA. 5 U.S.C. § 552(a)(4)(B).

26. FOIA grants jurisdiction to the Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

27. Under FOIA, this Court may assess attorney fees and costs against the United States if SUWA prevails in this action. *Id.* § 552(a)(4)(E).

## FACTUAL BACKGROUND

28. On April 10, 2017, SUWA submitted a FOIA letter by electronic mail to DOJ requesting records related to communications between DOJ and the attorneys or representatives of the petitioners in the litigation, *State of Wyoming v. Jewell*, Case No. 16-8068 (10th Cir.), concerning BLM's regulation of fracking, attached as Exhibit 1. SUWA requested communications regarding (1) the litigation, (2) the regulation, (3) President Donald Trump's March 28, 2017 Executive Order Promoting

Energy Independence and Economic Growth, and (4) the Secretary of the Interior's March 28, 2017 Order No. 3349 regarding American Energy Independence.

29. On April 11, 2017, SUWA submitted two additional FOIA requests by electronic mail to DOJ. In the first request, SUWA requested records related to communications between DOJ and the attorneys or representatives of the plaintiffs in the litigation, *Uintah County and State of Utah et al. v. Jewell*, Case No. 10-cv-970-DB-BCW/10-cv-391-DB-BCW (D. Utah), concerning the Interior's authority to protect public lands with wilderness characteristics, attached as Exhibit 2.

30. Second, SUWA requested records related to communications between DOJ and the attorneys or representatives of the plaintiffs in the litigation, *Western Energy Alliance v. Jewell*, Case No. 16-cv-912-WL-KBM (D. N.M.), concerning BLM's policy and practices regarding oil and gas leasing on public lands, attached as Exhibit 3.

31. SUWA requested in each of the three requests that if any documents were withheld under a claimed FOIA exemption, that DOJ provide a basis for withholding those documents.

32. SUWA requested in each of the three requests that DOJ grant a waiver of fees for responding under FOIA.

33. Based on SUWA's dates of submittal, DOJ was required to issue a determination on SUWA's first FOIA request no later than May 8, 2017 and on SUWA's other two requests no later than May 9.

34. SUWA was not notified by DOJ regarding any of the three FOIA requests within the 20-business-day period.

35. On May 10, SUWA's legal counsel in this matter, Nathaniel Hunt, e-mailed DOJ's FOIA Coordinator notifying DOJ that it had failed to make a determination on the three FOIA requests within the 20 days of DOJ's receipt, failed to provide tracking numbers for FOIA requests, and failed to request an additional ten-day period to make a determination under FOIA's "unusual circumstances" exception.

36. On May 10, Charles Smiroldo, with DOJ's Environment and Natural Resources Division (ENRD), responded to Mr. Hunt's inquiry and requested a telephone call to discuss FOIA requests.

37. On May 11, Mr. Hunt spoke with Mr. Smiroldo and Matthew Oakes, also with DOJ's ENRD, regarding the scope of the three FOIA requests. DOJ asked if SUWA would narrow the scope of the communications regarding the litigation referenced in the FOIA requests to exclude communications regarding certain day-to-day litigation issues and events. DOJ did not provide a date on which it would make a determination on SUWA's three FOIA requests.

38. On May 12, Mr. Hunt notified Mr. Smiroldo and Mr. Oakes that SUWA determined that any attempt to narrow the FOIA requests would potentially exclude communications that SUWA seeks to review. Mr. Hunt conveyed SUWA's request that DOJ respond to FOIA letters as they were written and originally submitted.

39. On May 12, Mr. Smiroldo e-mailed Mr. Hunt stating that DOJ would "continue processing" the FOIA requests. DOJ did not provide a date on which the determination on the FOIA requests would be made, nor did DOJ request an extra ten working days because of "unusual circumstances." Mr. Smiroldo provided tracking numbers for the three FOIA requests.

40. On May 30, Mr. Hunt e-mailed Mr. Smiroldo requesting the status of DOJ's responses to SUWA's three FOIA requests. On that same day, Mr. Smiroldo again stated that DOJ will "continue to process all of your requests."

41. DOJ's statements that it would continue to work on the FOIA responses do not constitute a "determination" required under FOIA. *See Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013) ("a 'determination' under [FOIA] must be more than just an initial statement that the agency will generally comply . . . and will produce non-exempt documents and claim exemptions in the future").

42. As of the date of this Complaint, DOJ has not made a determination on any of the three FOIAs and has not provided any documents responsive to the FOIA requests.

43. Since the time that SUWA submitted the three FOIA requests, DOJ has made no determination on SUWA's requests for a fee waiver.

44. Because of DOJ's failure to make determinations within the time limits mandated by FOIA, SUWA has constructively exhausted its administrative remedies prior to seeking judicial review from this Court. *See* 5 U.S.C. § 552(a)(6)(C)

## CAUSES OF ACTION

## COUNT 1: VIOLATION OF FREEDOM OF INFORMATION ACT

45. SUWA incorporates by reference all preceding paragraphs.

46. SUWA has a statutory right to have DOJ process its FOIA request in a timely manner that complies with FOIA.

47. SUWA submitted its FOIA requests to DOJ on April 10 and 11, 2017. It has been at least 37 business days since those submittal dates, and SUWA is still waiting for DOJ's determination on the FOIA requests and the production of responsive FOIA records.

48. DOJ failed to comply with the statutory deadline for issuing a determination on SUWA's FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

49. DOJ failed to make a determination on the FOIA requests of which SUWA could exercise its statutory right of appeal. *Id.* § 552(a)(6)(A)(i).

50. DOJ failed to provide a date on which the agency would complete action on SUWA's FOIA requests. *Id.* § 552(a)(7)(B)(ii).

51. DOJ failed to make a timely determination on SUWA's requests for a fee waiver.

52. Unless enjoined by this Court, DOJ will continue to violate SUWA's legal rights to be timely and properly provided with requested records under FOIA.

## REQUEST FOR RELIEF

SUWA requests the following relief:

A. Declare DOJ's failure to provide SUWA with a determination on the FOIA requests and fee waiver requests within FOIA's deadline as unlawful.

B. Declare DOJ's failure to provide a completion date for the FOIA requests as unlawful.

C. Order DOJ to provide SUWA with all responsive records by a specified date in unredacted form unless an exemption is applicable and properly asserted and DOJ provides a Vaughn index of any responsive records or portions of records withheld under the claim of exemption.

D. Order DOJ to make a determination on SUWA's requests for a fee waiver by a specified date.

E. Award SUWA its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, and any other applicable law.

F. Grant any further relief as the Court deems just and proper.

Respectfully submitted on June 2, 2017.

/s/ W. Eric Pilsk
W. Eric Pilsk
DC Bar No. 419901
Kaplan Kirsch & Rockwell LLP
1001 Connecticut Avenue, N.W.,
Suite 800
Washington, D.C. 20036
Telephone: (202) 955-5600
E-mail: epilsk@kaplankirsch.com

/s/ Nathaniel H. Hunt
Lori Potter*
Nathaniel Hunt*
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
Telephone: (303) 825-7000
E-mail: lpotter@kaplankirsch.com
nhunt@kaplankirsch.com

Counsel for Southern Utah Wilderness Alliance

*Applying for *pro hac vice* admission